

**ORDERED in the Southern District of Florida on April 19, 2018.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re | CASE NO. 14-36220-RAM |
| | CHAPTER 7 |
| JOHN ANTHONY GENNARO, | |
| Debtor. | |
| | |
| DREW M. DILLWORTH, Chapter 7 Trustee, | |
| Plaintiff, | |
| vs. | ADV. NO. 16-01641-RAM |
| RUSTICA FRANCHISE COMPANY, INC., | |
| Defendant. | |

**ORDER (1) SETTING ASIDE DEFAULT**
**AND DEFAULT JUDGMENT; (2) DISSOLVING WRIT OF**
**GARNISHMENT; AND (3) RESETTING PRETRIAL CONFERENCE**

The Court conducted a hearing on April 10, 2018, on the Defendant's Motion to Set Aside Final Default Judgment (the "Motion to Vacate") [DE# 29], and on Defendant's Motion to Dissolve Writ of Garnishment [DE# 30].  After considering the record, including the two motions and the affidavits of the Defendant's principals, Susan Tiffany and Joseph Piroso, filed as exhibits to the Motion to Vacate [DE# 29-1 and 29-1], after considering the Plaintiff's/Trustee's Response and Objection to: 1) Motion to Set Aside Default; and 2) Motion to Dissolve Writ of Garnishment (the "Trustee's Response") [DE# 35], after considering the arguments of counsel presented at the hearing, and upon review of applicable law, the Court announced its findings and conclusions on the record.  Those findings and conclusions are incorporated here by reference and repeated, in part, and supplemented by the following findings:

A.    The Complaint in this proceeding was filed on November 28, 2016, seeking to avoid and recover $41,446.17 in payments allegedly received by the Defendant from the Debtor, John Gennaro;

B.    The Summons and Complaint were served by Certified Mail on December 8, 2016.  Ms. Tiffany concedes that the certified mail receipt was signed by someone in her office, but the Complaint and Summons were not given to her or to Mr. Piroso, the other principal of the company;

C.    The Defendant did not respond to the Complaint and the Clerk entered a default on January 5, 2017 [DE# 8];

D.    In accordance with this Court's internal procedures, the Clerk was required to serve a copy of the entry of Default on the Defendant at the address listed on the summons.  The Clerk failed to do so.

E.    On January 6, 2017, the Plaintiff filed a Verified Motion for Entry of Default Final Judgment Against Defendant [DE# 9] and on January 9, 2017, the Court entered its Order Granting Trustee Dillworth's Ex Parte Motion for Entry of Final Default Judgment Against Defendant [DE# 11], and entered a Final Judgment [DE# 12];

F.    On January 9, 2017, the Clerk issued a Notice of Entry on Docket of Judgment [DE# 13-1].  In conformance with this Court's internal procedures, and as required by the printed language at the bottom of the Notice, the Clerk was required to serve a copy of the Notice on all interested parties, which would include the Defendant;

G.    The Clerk's error in not mailing a copy of the Entry of Default to the Defendant was compounded by the Clerk's error in not mailing to the Defendant a copy of the Notice of Entry on Docket of Judgment.  *See* DE# 14, the Certificate of Notice, that shows service only on Mr. Miller, Plaintiff's counsel;

3

H.    Nearly a year passed before the Plaintiff pursued collection of the judgment by serving a subpoena on the Defendant [DE# 19]; seeking documents and a deposition;

I.    Ms. Tiffany responded to the subpoena, but did not realize that it was a post-judgment discovery request.  In fact, the documents that Ms. Tiffany sent to Mr. Miller were not financial documents of the Defendant relevant to collection of a judgment, but rather, documents relating to Defendant's business transactions with the Debtor, including copies of checks reflecting that almost $29,000 of the payments at issue had been returned to the Debtor;

J.    The checks were written on Defendant's accounts at Bank of America and with that information in hand, the Plaintiff obtained and served a Writ of Garnishment on Bank of America [DE# 23];

K.    Bank of America filed an answer to the Writ of Garnishment listing three bank accounts in the Defendant's name [DE# 27].  Those accounts, with funds at just under $50,000, were frozen; and

L.    Neither Ms. Tiffany nor Mr. Piroso were aware of the Complaint and the judgment until the company's bank accounts were garnished more than one year after entry of the judgment.

4

## Discussion

The Defendant seeks relief under Fed. R. Civ. P. 60(b), applicable here under Fed. R. Bankr. P. 9024.  The Defendant acknowledges that the certified mail receipt for service of the Summons and Complaint were signed by someone at Defendant's office, but argues that the envelope may not have contained the Summons and Complaint because recently, a mailing sent by Trustee's counsel to the Defendant contained a document from another case [DE# 37]. The Court finds this argument too speculative to overcome the presumption of service and therefore finds that the Complaint and Summons were properly served.

Rule 60(b)(1) provides relief from judgment for excusable neglect.  The record strongly supports a finding of excusable neglect, but under Rule 60(c)(1), relief under Rule 60(b)(1) must be sought no more than a year after entry of judgment.  Therefore, it is too late for the Defendant to set aside the judgment based upon excusable neglect.

Defendant's only remaining basis for relief is Rule 60(b)(6). That subsection authorizes a court to set aside a judgment for "any other reason that justifies relief."  The Court may not consider as a reason for justifying relief under clause (6) any of the reasons justifying relief under the other five subsections. *See Hall v. State of Ala.*, 700 F.2d 1333 (11th Cir. 1983), *citing Klapprott v. United States*, 335 U.S. 601, 614-15 (1949).  However,

if the facts of a case would support a finding of cause under more than one subsection of Rule 60(b), the Court can rely on Rule 60(b)(6) provided the Court grants relief under that residual section only for reasons other than those that would justify relief under subsections one through five. *See Hall v. State of Alabama*, 700 F.2d 1333, 1338-39 (11th Cir. 1983) (finding a magistrate "properly applied the residual clause of Rule 60(b)" even though the arguments made in the motion for relief "would seem to place the . . . motion into one of the first two clauses of Rule 60(b)").

As the Trustee properly notes, use of Rule 60(b)(6) is an extraordinary remedy requiring a showing of exceptional circumstances and a showing that without relief, an extreme and unexpected hardship will result. *See* Trustee's Response, DE# 35, p. 6 (citing *Shell v. Schwartz*, 357 Fed. Appx. 250 (11th Cir. 2009), which cites *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 681 (11th Cir. 1984)).

In this proceeding, the Court finds exceptional circumstances and finds further, that absent relief, Defendant will suffer a severe and unjust hardship. The Court is fully persuaded that this Defendant would have responded to the Complaint had its principals seen the Complaint. The Court is also persuaded that the Defendant would have sought relief from the judgment within one year had its principals learned of the judgment before the Defendant's accounts were garnished.

Unusual and unfortunate circumstances resulted in the delay. First, the Plaintiff did not begin execution efforts until nearly a year after the judgment was entered.  The Court is not finding that Plaintiff's counsel strategically waited to pursue collection, but the Court is certain that the Defendant would have sought relief within a year if its bank accounts had been garnished within a year.

Second, the Defendant had no notice of the judgment entered against it.  As described in detail in paragraphs D, E, F and G above, the Court's Clerk unfortunately (and unusually) erred by not serving either the Clerk's Entry of Default or the Notice of Entry of Final Judgment.  Had these documents been served, it is extremely likely that the Defendant would have promptly sought relief, well within a year of the judgment.

Finally, to allow this judgment to stand would be extremely prejudicial to the Defendant who has already placed in the record strong evidence to defend the Trustee's claim.  If the judgment remains, and is satisfied from the monies in the garnished bank accounts, the company will be left with little cash and an uncertain future.  *See* Tiffany Affidavit, DE# 29-1, p. 5.

The Court recognizes that finality of judgments is an important principle and that default judgments often stand despite harsh results.   However, this proceeding truly has unusual

circumstances that justify use of the sparingly employed remedy in Rule 60(b)(6).  There are compelling "reasons that justify relief."

Based upon the foregoing findings and conclusions, including the findings and conclusions placed on the record, which are incorporated here by reference, it is -

**ORDERED** as follows:

1.    The Motion to Vacate is granted.  The Clerk's Entry of Default [DE# 8] and the Final Judgment [DE# 12] are vacated, effective as provided in paragraph 3 below.

2.    The Motion to Dissolve Writ of Garnishment is granted and the Writ of Garnishment served on Bank of America, N.A. [DE# 23] is dissolved, effective as provided in paragraph 3 below.

3.    This Order will become effective (the "Effective Date") on the later of (i) 14 days from entry of the Order on the docket; (ii) entry of an Order denying any timely filed motion for reconsideration; or (iii) entry of an Order denying any timely filed motion for stay pending appeal.

4.    Until the Effective Date, Bank of America shall continue to hold the funds presently frozen pursuant to the Writ of Garnishment.

5.    The Defendant shall file its answer and affirmative defenses by <u>April 30, 2018</u>.

6.    Because the Complaint was properly served, and notwithstanding the Court's decision to grant the Motion to Vacate,

the Court finds it appropriate to require the Defendant to compensate the Trustee for time spent in furtherance of obtaining the default and default judgment.  Compensable time may also include a portion of the time spent in aid of execution but, as noted at the April 10th hearing, some of the discovery obtained post-judgment is directly relevant to the merits of the case.

7.   No later than fourteen (14) days after the Effective Date of this Order, the Trustee shall file a Statement of Fees and Costs or, if the parties reach agreement, an Agreed Order awarding fees and costs.

8.   If not agreed, the Defendant shall file its objections to the Statement of Fees and Costs no later than fourteen (14) days from the filing of the Statement of Fees and Costs.

9.   The pretrial conference of this adversary proceeding is rescheduled for **10:30 a.m.** on **Thursday, June 7, 2018**.  The pretrial conference will be conducted at the U.S. Bankruptcy Court, C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Courtroom 4, Miami, Florida  33128.

10.   The trial date will be set at the pretrial conference.

11.   The parties shall comply with the requirements set forth in the initial Order Setting Filing and Disclosure Requirements for Pretrial.  The time deadlines in the Order, as they relate to the Pretrial Conference, shall refer to the rescheduled date.

9

```
                              ###
```
COPIES TO:

Andrew R. Herron, Esq.
Counsel for the Defendant
Herron Ortiz
255 Alhambra Circle, Suite 1060
Coral Gables, FL 33134

James B. Miller, Esq.
Counsel for the Plaintiff
19 West Flagler Street, Suite 416
Miami, FL 33130